UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,　　　　　　　　　　Civil No. 07-3136 (PAM/JSM)

　　　　　　Plaintiff,

v.　　　　　　　　　　　　　　　　　　　**MEMORANDUM AND ORDER**

Jan and Elsa Lovlie, the Minnesota
Department of Economic Security,
and the Minnesota Department of
Revenue,

　　　　　　Defendants.

---

This matter is before the Court on the Government's Motion for Summary Judgment. For the reasons that follow, the Court grants the Motion.

**BACKGROUND**

Defendant Jan Lovlie is an accountant, who for many years had a tax-preparation business in Edina, Minnesota. The Government contends that the tax returns he prepared for his clients and for himself grossly underreported the filer's true income. According to the Government, Lovlie falsely classified his clients' and his own personal expenses as business expenses. For example, Lovlie deducted the cost of his son's college tuition as a business expense. Lovlie also classified as business expenses home improvements, health club dues, and personal vacations, both for himself and his clients.

For the tax years 1991 to 1997, the Internal Revenue Service ("IRS") assessed penalties against Lovlie individually for more than $951,000. For the years 1990 to 2002,

the IRS assessed back taxes, penalties, and interest against Lovlie and his wife, Elsa, for another $956,000. According to the Government, the Lovlies have not offered any countervailing proof that the IRS's assessments and penalties are incorrect and thus the Government is entitled to summary judgment on the assessments and penalties. The Lovlies do not contest the assessments for the tax years 1998 to 2002, but contend that genuine issues of material fact exist as to the assessments for the remaining tax years.

**DISCUSSION**

**A.     1990 to 1994 Tax Years**

The Lovlies challenged the IRS's assessments for the tax years 1990 to 1994 in the Tax Court. This challenge was resolved through a stipulated entry of judgment as to the amounts the Government claims here. The Government argues that the Lovlies are precluded from relitigating the judgment of the Tax Court.

The Lovlies now assert that their prior attorney entered into the stipulation as to tax years 1990, 1991, 1992, and 1994 without their permission. (They say that they knew about the settlement for 1993 but that they entered into this settlement under duress from their attorney.) They contend that the attorney died in 2000 and thus cannot offer any evidence as to these supposed unauthorized stipulations. They ask the Court to find that a genuine issue of fact exists as to the Lovlies' knowledge of the stipulations, and to find that they are therefore not precluded from relitigating the Tax Court judgment as to the years 1990, 1991, 1992, and 1994.

The Lovlies have made no meaningful showing that their previous attorney entered

into Tax Court stipulations without their permission. Moreover, given that the Government has been trying to collect on these stipulated judgments for years, it seems unlikely that the Lovlies would not have discovered the alleged stipulations prior to the instant litigation. If what the Lovlies say is true, certainly the Government's collection activities should have raised their curiosity about the underlying judgments. Without some sort of proof—a forged signature, a letter from the attorney to the Lovlies disavowing any intent to stipulate to judgment—the Lovlies have not met their burden to show that genuine factual issues exist. Thus, they are precluded from litigating the amount of the assessments, including penalties, or the basis for those assessments for the tax years covered by the Tax Court judgment, 1990 to 1994.

**B.      Tax Year 1995**

The Lovlies raise several challenges to the remaining penalties and assessments. Those challenges are discussed in detail in the next section. As to tax year 1995, they raise a specific challenge contending that the assessment is time-barred because the IRS sent notice of the deficiencies outside the applicable statute of limitations.[1] The Lovlies contend that the three-year statute of limitations under 26 U.S.C. § 6501(a) is the relevant limitations period. The Lovlies filed their 1995 tax returns on April 15, 1996. The IRS mailed the notice of deficiency on July 6, 1999, or almost three months beyond the three-year

---

[1] The Lovlies contend that the assessments for 1990, 1991, 1992, and 1994 are also time-barred, but the Lovlies' challenges to those assessments are barred by res judicata, as discussed in the previous section.

limitations period.

The Government argues that the applicable statute of limitations is the six-year limitations period from 26 U.S.C. § 6501(e). This section provides that a tax may be assessed within six years of the return's filing if "the taxpayer omits from gross income an amount . . . which is in excess of 25 percent of the gross income stated in the return . . . ." 26 U.S.C. § 6501(e). The Lovlies argue that they did not omit any gross income because they included all gross income received on their corporate tax returns, if not on their individual returns.

There is no doubt that the gross income on their individual tax return understated by more than 25% their actual gross income as calculated by the IRS.[2] The Lovlies' argument is that the IRS should have looked to Jan Lovlie's corporate tax return for the Lovlies' individual actual income. They point to no authority for this proposition, however. The IRS cannot be required to extrapolate from a corporate tax return the income for the individual who owns that corporation. The relevant statute of limitations is six years and the Lovlies' argument on this point fails.

**C.    26 U.S.C. § 6701**

The Lovlies argue that the assessments for tax years 1995 through 1997 fail because genuine issues of fact exist as to essential elements of the Government's claim. Specifically, the Lovlies contend that the Government has not established that Jan Lovlie knew that his

---

[2] The Lovlies reported income of $5,447.00 for 1995. The IRS determined that the actual income amount was $123,906.00.

4

actions would result in the understatement of tax liability. According to the Lovlies, knowledge is an issue of fact that is inappropriate for resolution on a motion for summary judgment.

The Government does not dispute that § 6701 requires proof of a defendant's knowledge. The Government contends that the deductions Jan Lovlie took, both for himself and for his clients, were so obviously not allowable deductions that the Court can infer knowledge. In other words, the Government asserts that Lovlie's pattern of deducting personal expenses as business expenses is patently frivolous.

Although knowledge usually is a question of fact for the jury, in this case there is but one conclusion: Jan Lovlie knew that the deductions he took on his own behalf and on behalf of his clients were not allowed. He took the same or similar improper deductions for 32 clients as well as himself. He now claims that he had a good-faith belief that what he was doing was proper, but it is implausible that a trained tax preparer would believe that personal expenses such as a home repair project or a personal vacation could be deducted as business expenses.[3] There is no genuine issue of fact as to Jan Lovlie's knowledge.

Lovlie makes two additional arguments about whether he can be liable under § 6701 for the preparation of his own company's taxes or for the preparation of two other tax returns

---

[3] The Lovlies' belated argument that the board of directors of Jan Lovlie's business authorized him to make the repairs to his home is not well taken. A board of directors' resolution cannot make legal deductions that are otherwise contrary to law. Moreover, although it may be debatable whether a home repair project could constitute a business expense when the business is located in the home, it is beyond cavil that personal vacations cannot constitute a business expense.

for business clients. He contends first that § 6701 applies only to the preparation of a tax return for "another person," and argues that his own tax-preparation business is not "another person" but rather is he, so that § 6701 does not apply. This argument is without merit. Jan Lovlie's business was a "person" under the law, and his preparation of the business's tax returns was tax preparation for "another person" within the meaning of § 6701.

Lovlie next argues that he cannot be liable under § 6701 for the preparation of tax returns for two businesses: Elias Rembrandt, Inc. and Interstate Companies. The IRS contends, and Lovlie does not dispute, that although Lovlie filed corporate tax returns for these businesses, neither was a corporation under Minnesota law. Section 6701 imposes a $10,000 penalty for the understatement of "the tax liability of a corporation." 26 U.S.C. § 6701(b)(2). Lovlie contends that because neither business was a corporation, neither had corporate tax liability and thus that § 6701(b)(2) does not apply.

Lovlie's position is nonsensical. The purpose of the claimed corporate status was to allow deductions of personal expenses as corporate expenses. Indeed, according to the Government, without the fictitious corporate entities, Lovlie could not have helped his customers evade income tax. Lovlie asks the Court to determine that although he filed bogus corporate tax returns, the statute does not apply because the corporations were bogus. This position is clearly without merit. As the Government argues, the returns at issue related to "the tax liability of a corporation" as required by § 6701(b)(2). Lovlie cannot avoid the statutory penalties on this basis.

**D.     26 U.S.C. § 6662**

The Lovlies next argue that the Court should disallow penalties under § 6662 because Jan Lovlie had a good-faith belief that the deductions he took were allowable. As they state, "[a]ny misallocations by Defendants were the result of a misunderstanding of the tax law and not an intentional omission of income." (Opp'n Mem. at 17.) This statement strains credulity. No one, and especially not an accountant and trained tax-preparer, would believe that it is appropriate to deduct expenses for a personal vacation as a business expense. The deductions Jan Lovlie took were frivolous on their face, and he cannot rely on any good faith safe harbor to avoid liability for those frivolous deductions.

**E.     Hansons, Haalands, and Chuck's Remodeling**

The Lovlies assert that the Government has failed to prove that the IRS correctly assessed penalties for Jan Lovlie's preparation of tax returns for three of his clients: Chuck and Gayle Hanson, Chuck's Remodeling, and Ron and Barb Haaland. According to the Lovlies, the Government has not provided "any proof that Defendant Jan Lovlie did anything that would justify a penalty under § 6701 relating to tax returns" for these clients. In response, the Government points to the IRS's Certificates of Assessment and Payments with respect to these clients. There appears to be no dispute that these Certificates are prima facie evidence of the underlying wrong.

The Lovlies may, of course, raise challenges to the assessments the Certificates evidence and offer proof that those assessments are invalid. In other words, the Certificates' presumption of validity is rebuttable. Here, however, the Lovlies have not offered any evidence that the assessments are invalid nor have the Lovlies raised substantive legal

7

challenges against the assessments. The Lovlies' argument is, in essence, that the Certificates are not enough. This, however, is not the law. See United States v. Langert, 902 F. Supp. 999, 1000 (D. Minn. 1995) (Kyle, J.) (noting that Certificates "are sufficient to establish the validity of the assessments"). The Lovlies have not met their burden of coming forward with evidence of a genuine issue of fact as to the validity of the Certificates or the underlying assessments.

**F.     1995 to 1997 Tax Years**

The Lovlies contend that the Court should deny the Motion for these three tax years and require the IRS to provide documentation of the additional taxes it assessed for these three years. According to the Lovlies, the IRS assessed additional taxes based on increases to the Lovlies' income but provided no documentation of the alleged increases.

It may be true that the Government has not provided documentation of the increases in the Lovlies' income for these years, but it is also true that the Lovlies should have sought this documentation long ago. Summary judgment is not the appropriate time to resolve discovery disputes. If the Lovlies believed that the Government lacked proof of a claimed assessment, they should have asked for that proof during discovery. The Lovlies' argument on this point fails.

The Government has succeeded in establishing that it is entitled to summary judgment, and therefore the Court will reduce the amount of the Lovlies' unpaid assessments to judgment. The United States has established that the total amount of the unpaid assessments is $1,908,680.92, which represents $951,691.97 against Jan Lovlie individually

and $956,988.95 against Jan and Elsa Lovlie.

**G.     Foreclosure**

Finally, the Lovlies ask the Court to exercise its discretion under 26 U.S.C. § 7403 and not order a sale of their home to satisfy the judgment. According to the Lovlies, Elsa Lovlie is an innocent spouse and should not be prejudiced by the actions of her husband. The Government asserts that § 7403 allows the Court to order a sale of the property because the Lovlies jointly owe almost $1 million in back taxes, penalties, and interest. The Government has stipulated to Hennepin County's priority for the payment of any outstanding real property taxes and to US Bank's priority for the payment of the outstanding mortgage balance. There is no evidence in the record as to the estimated value of the Lovlies' home.

As an initial matter, because the Lovlies filed joint tax returns it is far from clear that Elsa Lovlie qualifies as an "innocent third party." Moreover, her failure to comply with the procedures for claiming innocent-spouse status likely means that she cannot claim such status. See 26 C.F.R. § 1.6015-5 (requiring, in relevant part, that person seeking innocent-spouse status file "Request for Innocent Spouse Relief" within two years of IRS's first collection activities).

Even assuming that Elsa Lovlie could qualify as an innocent spouse within the meaning of the relevant regulations, however, the Court's discretion to find that her interest in the property should take priority over the Government's tax liens is not unbounded. The Eighth Circuit Court of Appeals has made clear that the Court's discretion is confined to "a fairly limited set of considerations." United States v. Bierbrauer, 936 F.2d 373, 375 (8th Cir.

1991) (quoting United States v. Rodgers, 461 U.S. 677, 709-10 (1983)).

> First, a court should consider "the extent to which the Government's financial interests would be prejudiced if it were relegated to a forced sale of the partial interest actually liable for the delinquent taxes." Sale of the partial interest may be practically impossible. Or sale of the partial interest may net far less than the market value of the interest if the property were sold as a whole—so much less that the government would be unable to satisfy its tax lien. In either of these situations, the government has a considerable interest in a forced sale of the entire property. Second, a court should consider whether the third party has a "legally recognized expectation" (leaving aside the § 7403 proceeding) that the third party's separate property would not be subject to a forced sale by the delinquent taxpayer or that person's creditors. Third, a court should consider the possibility of undercompensation to the third party, as well as the extent of personal dislocation costs. Finally, a court should compare the character and value of the interests in the property. Whether or not a third party has a possessory interest merits some consideration. And if the non-liable third party has a greater possessory or fee interest than the delinquent taxpayer, so that a forced sale would net the government only a fraction of the value of the property, there may be little reason to allow the sale.

Id. (quoting Rodgers, 461 U.S. at 710-11). Elsa Lovlie does not argue that the Bierbrauer factors weigh in favor of allowing her to stay in the home, but rather that "special circumstances" warrant the Court's exercise of discretion. As stated above, however, the Court has little to no discretion absent a showing that Elsa Lovlie is entitled to relief under Bierbrauer. Because she makes no argument regarding the Bierbrauer factors, she has not established that the Court should decline to order a foreclosure of the property to satisfy the substantial tax assessments in this case.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Summary Judgment (Docket No. 39) is **GRANTED**;

2. The amount of the unpaid assessments, $951,691.97 against Jan Lovlie individually and $956,988.95 against Jan and Elsa Lovlie, plus penalties and interest, are reduced to judgment according to the Order for Judgment filed herewith;

3. The Government is entitled to order a sale of the Lovlies' home to satisfy this judgment according to the Order of Sale filed herewith; and

4. This matter is **DISMISSED with prejudice**.


**LET JUDGMENT BE ENTERED ACCORDINGLY**.


Dated:  August 6, 2008

*s/Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge
